**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ERIC ARNOLD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | |
| **MACON-BIBB COUNTY, GEORGIA,** | : | |
| | : | |
| **Defendant.** | : | |

---

### DEFENDANT MACON-BIBB COUNTY, GEORGIA'S NOTICE OF REMOVAL

---

**COMES NOW**, Macon-Bibb County, Georgia (hereinafter "Defendant"), Defendant in the above-captioned action, by and through counsel, and hereby submits this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 to remove the above-captioned matter from the Superior Court of Bibb County, State of Georgia, in which the case is now pending, to the United States District Court for the Middle District of Georgia, Macon Division. In support thereof, Defendant states as follows:

1. <u>Complaint</u>: On September 18, 2024, Plaintiff filed a Complaint in the Superior Court of Bibb County, Georgia, entitled *Eric Arnold v. Macon-Bibb County, Georgia, Civil Action No. 2024-CV-081637*.

2. <u>Timeliness</u>: This Notice of Removal is timely under 28 U.S.C. § 1446 because it is filed within thirty days after receipt of the Summons and Complaint through service or otherwise. Plaintiff served Defendant on September 20, 2024.

3. <u>Pleadings and Process</u>: A true and correct copy of the Complaint, Summons, and Proof of Service filed in the Superior Court of Bibb County is attached hereto as Exhibit "A," as

49151.0453

required by 28 U.S.C. § 1446(a). Defendant has not received any other process, pleadings, or orders. Defendant has not yet filed an Answer in the underlying State Court proceeding. Pursuant to Fed. R. Civ. Pro. 81(c)(2)(C), Defendant's Answer or responsive pleading will be due seven (7) days after this Notice of Removal is filed.

4.    Basis for Jurisdiction in this Court: This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(a). Plaintiff alleges that Defendant violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, and these claims are brought pursuant to 42 U.S.C. § 1983. See *Dandreka of Family Griggs v. Kemp*, 1:21-CV-4154-MLB, 2021 WL 10256464, at *1 (N.D. Ga. Dec. 23, 2021) ("Because Plaintiff's complaint asserts a claim under 42 U.S.C. § 1983, this case was properly removed from state court to federal court because it raises a federal question); see also 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."). Plaintiff also alleges a variety of state law claims. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5.    Notice Given: Defendant will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of Bibb County, State of Georgia, as required by 28 U.S.C. § 1446(d).

6.    Payment of Costs: Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice.

7.    Reservation of Defenses: Because this Notice of Removal is neither a responsive pleading nor a motion under Rule 12 of the Federal Rules of Civil Procedure, Defendant has not

waived the right to assert any applicable defenses by removing this action from state court. Rule 12 of the Federal Rules of Civil Procedure provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading or by motion. See Fed. R. Civ. P. 12(b). Defendant did not file a responsive pleading or a motion asserting defenses in the Superior Court of Bibb County, State of Georgia, but instead will respond or plead in a timely fashion pursuant to the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed hereto.

Respectfully submitted this 18th day of October, 2024.

*/s/ Duke R. Groover*
DUKE R. GROOVER
Georgia Bar No. 313225
LAUREN N. SCHULTZ
Georgia Bar No. 818565
JAMES F. BANTER
Georgia Bar No. 581797
DAVID S. CROMER
Georgia Bar No. 918270
*Attorneys for Macon-Bibb County*

JAMES BATES BRANNAN GROOVER, LLP
PO BOX 4283
231 Riverside Drive
MACON, GA 31201
dgroover@jamesbatesllp.com
lschultz@jamesbatesllp.com
jbanter@jamesbatesllp.com
dcromer@jamesbatesllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served copies of *Defendant Macon-Bibb County, Georgia's Notice of Removal* upon all parties through electronic filing, which will send e-mail notification of such filing to the attorneys of record and/or by mailing true and correct copies thereof to all parties, in envelopes properly addressed and adequate postage affixed, upon the following:

Michael Devlin Cooper
Cooper, Barton & Cooper, LLP
170 College Street
Macon, GA 31201
MDC@CooperBarton.com

Rob Peccola
Dylan Moore
Institute for Justice
901 North Glebe Road
Suite 900
Arlington, VA 22203
rpeccola@ij.org
dmoore@ij.org

Christen Mason Hebert
Institute for Justice
816 Congress Ave.
Suite 970
Austin, TX 78701
*Attorneys for Plaintiff*
chebert@ij.org

Respectfully submitted, this 18th day of October, 2024.

JAMES BATES BRANNAN GROOVER, LLP
PO BOX 4283
231 Riverside Drive
MACON, GA 31201
dgroover@jamesbatesllp.com
lschultz@jamesbatesllp.com
jbanter@jamesbatesllp.com
dcromer@jamesbatesllp.com

*/s/ Duke R. Groover*
DUKE R. GROOVER
Georgia Bar No. 313225
LAUREN N. SCHULTZ
Georgia Bar No. 818565
JAMES F. BANTER
Georgia Bar No. 581797
DAVID S. CROMER
Georgia Bar No. 918270
*Attorneys for Macon-Bibb County*

4