IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIC ARNOLD, | : |
| Plaintiff, | : |
| v. | : Case No. 5:24-cv-00365-MTT |
| MACON-BIBB COUNTY, GEORGIA, | : |
| Defendants. | : |

**PROTECTIVE ORDER**

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL ADDENDUM TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

The terms of the Stipulated Protective Order, as modified by the Court below, are incorporated as the Order of this Court. To the extent the Stipulated Order conflicts with the Scheduling Order, the Court's Scheduling Order controls, and the parties shall comply with its directive for discovery disputes.

IT IS HEREBY STIPULATED that:

**I.   Introduction**

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to the following provisions of this Stipulated Protective Order.

**II.   Scope of Protected Information**

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, confidential, sensitive, or private information for which special

1

protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter:

- to expedite the flow of information;

- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;

- to adequately protect information the parties are entitled to keep confidential;

- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

- to address the handling of confidential materials at the end of the litigation; and

- to serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

### III.   Designation of Protected Information

A.   <u>Scope</u>: This Order governs the production and handling of any protected information in this action. Any party or non-party who produces protected information in this action may designate it as "Confidential" if it falls within one or more of the following categories:

1. information prohibited from disclosure by statute or by this Court's local rules;

2. medical information concerning any individual;

3. personal information such as social security number, personal email address, personal phone number, personal address, and other personal contact information of all parties, employees of parties, and the contractors of the parties;

4. the identity and any personal information of individuals who are not parties to this case and who are not employees or contractors of the parties;

5. income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and

6. commercial financial or proprietary business information (this term excludes County financial information as well as financial information connected to any government contractor paid with public funds).

"Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order.

B.    <u>Application to Non-Parties</u>: This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

C.    <u>Timing and Provisional Protection:</u> To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the

parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.  Failure to designate deposition testimony within the 30-day period provided above will constitute a waiver of protection of the entire contents of the deposition, unless otherwise agreed by the parties.

D. <u>Manner of Designation:</u> Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" on each designated page of the document or electronic image.  For any document produced in native format, including, for instance, spreadsheets, that the Designating Party wishes to designate as confidential, the Designating Party shall indicate in the file name, or via a slip-sheet produced with the native file, that the native document is designated as "CONFIDENTIAL."

**IV.      Challenges to Designated Information**

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to M.D. GA L.R. 37. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party

carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

V.      **Restricted Access to/Use of Protected Information**

A.      <u>Restricted Use</u>: Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information subject to the requirements found in subsection (F).

B.  <u>Access to "Confidential" Information:</u> The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. The parties, including their agents and employees who are assisting or have reason to know of this action,;

4. Experts or consultants employed by the parties or their counsel for purposes of this action,;

5. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary.

7. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

8. Insurers. Any insurance carrier providing any Defendant with a defense or indemnity against Plaintiff's claims in this action, as well as any outside counsel engaged by the carrier in connection with providing such a defense or indemnity; and

9. Other persons with the Designating Party's consent or by court order.

C. <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

D. <u>Filing Designated Information:</u> This Order does not, by itself, require the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must redact or obscure the Confidential Information, or the filing party may obtain the consent of the Designating Party to file the designated information with the Court without any such redaction or obscuration.

## VI. Claw-Back Requests

A. <u>Failure to Make Designation:</u> If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting

the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

  B. <u>Inadvertent Production of Privileged Information:</u> If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, account/client, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.

## VII. Duration/Continued Restrictions

  A. <u>Handling of Designated Information Upon Conclusion of Action:</u> Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored. Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it

is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

      B.     <u>Continued Restrictions Under this Order</u>: The restrictions on disclosure and use of confidential information survive the conclusion of this action.

Respectfully submitted this 15th day of April, 2025,

| **COOPER, BARTON & COOPER; AND INSTITUTE FOR JUSTICE** | **JAMES BATES BRANNAN GROOVER LLP** |
|---|---|
| */s/ Michael Devlin Cooper*<br>Michael Devlin Cooper<br>Georgia State Bar No. 142447<br>Cooper, Barton & Cooper, LLP<br>170 College Street<br>Macon, GA 31201<br><br>Rob Peccola<br>Maryland State Bar No. 0812180013<br>Dylan Moore<br>Maine State Bar No. 010327<br>Tahmineh Dehbozorgi<br>D.C. Bar No. 90030252<br>Institute for Justice<br>901 North Glebe Road<br>Suite 900<br>Arlington, VA 22203<br>rpeccola@ij.org<br>dmoore@ij.org<br>tdehbozorgi@ij.org<br><br>Christen Mason Hebert<br>Texas State Bar No. 24099898<br>Institute for Justice<br>816 Congress Ave.<br>Suite 970<br>Austin, TX 78701<br>chebert@ij.org<br><br>*Attorneys for Plaintiff* | */s/ James F. Banter*<br>DUKE R. GROOVER<br>Georgia State Bar No. 313225<br>JAMES F. BANTER<br>Georgia State Bar No. 581797<br>LAUREN N. SCHULTZ<br>Georgia State Bar No. 818565<br>DAVID S. CROMER<br>Georgia State Bar No. 918270<br><br>231 Riverside Drive<br>Macon, GA 31201<br>Phone: 478.742.4280<br>Fax: 478.742.8720<br>dgroover@jamesbatesllp.com<br>jbanter@jamesbatesllp.com<br>lschultz@jamesbatesllp.com<br>dcromer@jamesbatesllp.com<br><br>*Attorneys for Defendants* |

9

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The party opposing public disclosure shall have 7 days to file a motion to require the materials to be filed restricted to case participants. The motion shall: (1) briefly state a compelling reason in support of the request to file the information restricted to case participants; (2) certify that the party has conferred with opposing counsel; (3) identify the number of documents that the party anticipates will need to be filed restricted to case participants; and (4) describe the information that will be redacted.

The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials restricted to case participants simply because they are covered by this discovery protective order.

If the Court grants the motion to file the materials restricted to case participants, the party relying on the evidence covered by this protective order shall do the following:

First, the party will file the redacted documents on the public docket. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will file the memorandum in support of the motion and *all* exhibits *in one docket entry* with

redactions where appropriate. It is not appropriate to redact an entire document or file a "placeholder" (i.e., a document that simply directs a reader to a restricted document). It is not appropriate to have separate docket entries for motions and exhibits.

Second, the party will file a "copy" or "mirror image" of the entire first filing without redactions as restricted to case participants. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will re-file the memorandum in support of the motion and re-file *all* exhibits (even exhibits that were not redacted) *in one docket entry* without redactions. It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.** The party should identify the redacted information using a red box. The party must complete this second filing the same day as the first filing.

If the response (and reply) to a motion filed restricted to case participants also refers to protected information, the party will file the response (and reply) as follows:

First, the party will file their response and any exhibits *in one docket entry* and *with redactions* on the public docket. It is not appropriate to redact an entire document or file a placeholder. It is not appropriate to have separate docket entries for responses and exhibits.

Second, the party will file their response and any exhibits *in one docket entry* and *without redactions* as restricted to case participants. It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.** The party should identify the redacted information using a red box. The party must complete this second filing the same day as the first filing.

To file documents restricted to case participants, the party will select "restricted document – pursuant to protective order ONLY" under Other Documents in CM/ECF. The party will follow all of the prompts, including attaching the requested documents. The party will link the restricted filing to the public filing. Before submitting the entry, please review the text box to ensure the name description and document links are correct. If the party has questions regarding filing these restricted documents, the party will contact Kim Tavalero, Courtroom Deputy, at 478.752.0717 or kim_tavalero@gamd.uscourts.gov.

**SO ORDERED**, this 18th day of April, 2025.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT